J-S16041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN M. RIOS | : | |
| | : | |
| Appellant | : | No. 1085 MDA 2024 |

Appeal from the PCRA Order Entered June 13, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002011-2010

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED JULY 10, 2025**

Juan M. Rios ("Rios") appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2010, police received a report from Lackawanna County Child and Youth Services that Rios had, on multiple occasions, touched, penetrated, and took photos of the vaginal and anal areas of his two stepdaughters, born in 2005 and 2007, respectively.  After investigating this report, police arrested Rios and charged him with multiple counts of rape of a child, aggravated indecent assault-complainant less than thirteen years of age, and other related crimes.

In lieu of going to trial, Rios entered a guilty plea to three counts of aggravated indecent assault-complainant less than thirteen years of age.  In exchange for the plea, the Commonwealth agreed to withdraw the remaining

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

charges. On March 1, 2011, the trial court imposed an aggregate sentence of fifteen to thirty years' imprisonment. Rios filed a motion for reconsideration of his sentence, which the trial court denied on March 9, 2011. Rios did not file a direct appeal from his judgment of sentence.

In 2018, Rios filed a motion which the PCRA court treated as his first PCRA petition. The PCRA court appointed counsel, who subsequently filed a "no-merit" letter and motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's motion to withdraw, and ultimately denied the petition, reasoning that it was untimely filed and that Rios did not plead any exception to the PCRA's one-year time bar. On appeal, this Court affirmed the denial order, similarly concluding that Rios' petition was untimely filed without raising any timeliness exception. **See Commonwealth v. Rios**, 237 A.3d 1050 (Pa. Super. 2020) (unpublished memorandum).

On September 1, 2023, Rios filed the instant *pro se* petition, his second.[2] Although Rios conceded that his petition was untimely filed, he invoked the newly-discovered facts exception to the PCRA's one-year time bar. Specifically, Rios claimed that on September 1, 2022, he received a partial

---

[2] A notation on the docket indicates that, although Rios sent the petition directly to the PCRA court judge's chambers on September 1, 2023, the clerk of courts did not receive a copy of the petition until November 26, 2024. As this breakdown in the court's operations caused a filing delay, we consider the instant petition as filed on September 1, 2023.

record for his case, in which he learned for the first time that his trial counsel was ineffective for abandoning him and failing to file a direct appeal.

The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, finding that it was untimely filed without meeting any exception to the PCRA's one-year time bar. Rios filed a response, and on June 13, 2024, the PCRA court denied the petition. Rios subsequently filed a timely notice of appeal.[3] The PCRA court did not order Rios to file a Pa.R.A.P. 1925(b) concise statement, and he did not do so.

Rios raises the following issues for our review:

1. Was . . . Rios . . . denied his sixth and fourteenth amendment right(s) to the Constitution of the United States of America in conjunction with *Roe v. Flores-Ortega*, 528 U.S. 470, 481-[]82 (2000) and Article 1 §§ 9, 26 of the Constitution of the Commonwealth of Pennsylvania in conjunction with *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) to

---

[3] Although Rios' appeal appears to have been untimely filed on July 29, 2024, we note that the trial court docket entry for the June 13, 2024 denial order does not indicate service on Rios, who appeals *pro se* and is currently incarcerated. *See* Pa.R.Crim.P. 114(C) (providing that trial court criminal dockets shall contain, *inter alia*, "the date of service of the order or court notice"); *see also Commonwealth v. Hess*, 810 A.2d 1249 (Pa. 2002) (noting that Rule 114's language leaves no question that the trial court clerk's obligations regarding docket entries are not discretionary). Accordingly, because an order in a criminal case is not "entered" for purposes of calculating the appeal period until the day the clerk of the court "mails or delivers [a copy] of the order to the parties[,]" we treat the appeal period in the instant case as never having started to run, and thus consider Rios' appeal as timely. Pa.R.A.P. 108(a)(1), (d)(1); *see also Commonwealth v. Midgley*, 289 A.3d 1111 (Pa. Super. 2023) (holding "[w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely").

effective assistance of counsel, in that counsel, one Bernard Brown, Esquire, of Lackawanna County Public Defender's Office neglected to consult and file a direct appeal as requested in violation of his fiduciary duty, satisfying 42 Pa.C.S.A. §§ 9545(b)(1)(ii)(2)?

2. Was . . . Rios . . . denied his sixth and fourteenth amendment rights to the Constitution of the United States of America and Article 1 §§ 9, 26 of the Constitution of the Commonwealth of Pennsylvania when court[-]appointed PCRA counsel, one, Kurt T. Lynott, Esq., failed to raise trial counsel's one, Bernard Brown[']s, Esq.,'s [*sic*] failure to file a direct appeal to the Pennsylvania Superior Court as requested in violation of his fiduciary duty, satisfying 42 Pa.C.S.A. §§ 9545(b)(1)(ii)(2)?

Rios' Brief at 5.

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final

- 4 -

at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, or at the expiration of time for seeking review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant case, the trial court denied Rios' post-sentence motion for the reconsideration of his sentence on March 9, 2011. As Rios did not file a direct appeal, his sentence became final thirty days later, on April 8, 2011. *See* 42 Pa.C.S.A. §9545(b)(3); *see also* Pa.R.A.P. 903(A) (stating that a notice of appeal "shall be filed within [thirty] days after the entry of the order from which the appeal is taken"). As a result, Rios had one year from that date, until April 8, 2012, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As Rios filed the instant petition on September 1, 2023, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Pertinently, our Supreme Court has held that a claim that previous counsel was ineffective is not a newly-discovered fact entitling an appellant to the benefit of the newly-discovered facts exception. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (holding that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits because a conclusion that previous counsel was ineffective is not the type of after-discovered evidence encompassed by the timeliness exception); *see also Commonwealth v. Lark*, 746 A.2d 585, 589 (Pa. 2000) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar).

As explained *supra*, Rios indicated that his PCRA petition satisfied the newly-discovered facts exception because he recently discovered that his trial

counsel was ineffective for abandoning him and failing to file a direct appeal from his judgment of sentence. However, we reiterate that such an ineffectiveness claim cannot satisfy the newly-discovered facts exception to the PCRA's timeliness requirement. *See Gamboa-Taylor*, 753 A.2d at 785; *see also Lark*, 746 A.2d at 589. Accordingly, we conclude that Rios' petition failed to satisfy the newly-discovered facts exception to the PCRA's one-year time bar.

Because we determine that Rios' second petition was untimely filed and that he failed to satisfy any exception to the PCRA's one-year time bar, neither this Court nor the PCRA court had jurisdiction to address it. *See Albrecht*, 994 A.2d at 1093 (stating a court may not address the merits of the issues raised in an untimely filed PCRA petition). Thus, we lack jurisdiction to consider the merits of Rios' ineffectiveness claims, and we affirm the PCRA court's order denying the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/10/2025